**DENTON et al. v. KENNEDY, Ex'x.**

No. 17109—Opinion Filed Sept. 14, 1926.

(Syllabus.)

**1. Statutory Provisions.**

While section 5034, C. O. S. 1921, provides, among others, that a special promise to answer for the debt, default, or miscarriage of another is invalid unless reduced to writing, there is an express exception contained in said section to this effect: "Except in the cases provided for in the article on Guaranty."

**2. Same.**

Section 5127, C. O. S. 1921, being a part of the article on Guaranty, provides: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: * * * Third: Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor. * * *"

**3. Frauds, Statute of—Guaranty Agreement as Original Obligation not Required to Be in Writing.**

Under the conclusions of the trial court on the evidence in the instant case, we hold that the promise sought to be enforced as the basis of plaintiff's action was not required to be in writing.

Error from District Court, Kay County; Claude Duval, Judge.

Action by Margaret L. Kennedy, executrix, against G. W. Denton and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Bellatti & Brown, for plaintiffs in error.

Sargent & Ross, for defendant in error.

BRANSON, V. C. J. Margaret L. Kennedy instituted this suit in the trial court as executrix of J. B. Kennedy, deceased. She sued G. W. Denton, H. W. Barrett, Lew Young, and J. B. Woodruff. The plaintiff obtained a judgment, as prayed in her petition, for work and labor of her decedent rendered in drilling an oil well known as Pratt No. 8. The defendants appealed. The parties are referred to as they appeared in the trial court.

The Cozart Oil Company, a common-law trust, by contracts for labor, etc., initiated and sponsored the drilling of said well. The defendants, here sued in their individual capacity, were of the trustees of said common-law trust. The well had been drilled to the oil sand. The laborers had not been paid. They refused to drill the well in unless they were paid or satisfactory arrangements made for their money. Among those in this situation was the plaintiff's decedent. The defendants paid

a part of the money to the laborers and made an agreement that if they would proceed with the drilling of the well, the entire amount due them for services theretofore rendered the Cozart Oil Company would be paid by the defendants. It seems from the evidence that it is not foreign to a fair inference that the parties understood that the laborers would not look to the Cozart Oil Company or to any of their remedies, such as liens, etc., upon its property, but accepted the oral promise of the defendants and proceeded with the work. The laborers filed no lien; the said J. B. Kennedy died, and his executrix, not being paid, was driven to the forum of the law.

A jury having been waived, this cause was tried to the court. No doubt the evidence establishes the contract alleged by the plaintiff, but the same rests solely in parol. We think that the only assignment of error that demands consideration is to the effect that, although the alleged understanding was entered into between the laborers and defendants, the same did not rise to the dignity of a contract, for that subdivision 2 of section 5034, C. O. S. 1921, provides:

"The following contracts are invalid, unless the same, or some note or memoranda thereof, be in writing and subscribed by the party to be charged, or by his agent: * * * Second. A special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on Guaranty."

In answer to this the plaintiff cites many cases which deal with the distinction between an original and a collateral undertaking. We do not care to go into these cases. Apparently some of them are well reasoned, but others do not touch the question here involved.

We think the contention of the defendants is foreclosed, for that the subdivision of the statute of frauds relied upon incorporates within it the provision of the chapter on Guaranty. Section 5127 of the chapter on Guaranty, among other things, provides:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: * * * Third. Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor. * * *"

We think that this is just what occurred in the instant case. The antecedent promise was made by the Cozart Oil Company, the laborers had not been paid. Fearful of not being paid, they refused to proceed further. The defendants agreed that they would not only pay the past due obligation, but the future labor on the well. No effort was made to hold the Cozart Oil Company after this promise. The trial court resolved the inference to be drawn from the evidence in favor of the plaintiff. In doing so we fail to find that there is any provision of the law that would warrant this court in reversing the judgment. Affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1, 2) 27 C. J. p. 153, §37. (3) 27 C. J. p. 152, §37.